Allen, J.
delivered the opinion of the court:
It seems to the court here that as by the 52d section of the act of February 9th, 1814, 2 Rev. Code, p. 546, all previous laws forfeiting lands for the failure to enter them on the books of the commissioners of the revenue, were repealed, and no provision was made by subsequent laws forfeiting lands for such failure prior to the act of the 27th February 1835, Sess. Acts, p. 11, no such forfeiture occurred prior to that time.
It further seems to the court, that as by the act of March 23, 1836, Sess. Acts, p. 7, time was allowed until the 1st day of November 1836, for all persons to cause their omitted lands to be entered with the commissioner of the revenue, and to pay the taxes thereon in the manner prescribed in the 2d section of the act of February 27th, 1835, the forfeiture became absolute from and after the 1st of November 1836. That the provision of the act of March 30th, 1837, giving time for redemption until the 15th of January 1838, did not release the forfeitures which had accrued, except in such cases where the owner or proprietor availed himself of the privilege of redeeming.
And it further seems to the court, that such forfeiture became absolute and complete by the failure to enter and pay the taxes thereon in the manner prescribed by the act of 27th of February 1835 : And no inquisition, or judicial proceedings, or inquest, or finding of any kind was required to consummate such forfeiture. And without deciding in this cause, whether, after the lien of the commonwealth attaches to *403 lands, any possession adverse to the proprietor could operate so as to impede the right of the commonwealth to subject said lands to sale or forfeiture for such taxes, and as a consequence to transfer to a purchaser, or vest in an actual occupant, or subject to re-entry and grant, such forfeited lands, it seems to the court that from and after such forfeiture no such adverse possession can run against the commonwealth.
And it appearing from the facts set forth in the bill of exceptions, that the grant to Savary De Valcoulon issued on the 10th of February 1786; that the same had never been entered on the commissioners’ books for taxation, and had therefore been omitted prior to 1831, the forfeiture thereof was complete from and after the 1st of November 1836 ; and the adverse possession relied on by the defendant, if it could have availed for any purpose as against the commonwealth, ceased to run from that day.
And it further appearing that the title bond under which the defendants entered and took and thereafter held possession of the land described in said title bond, was dated the 1st of October 1833; that said land so claimed and occupied by the defendants was embraced within the boundaries of the grant to Savary De Yalcoulon, it seems to the court here that such possession so held, did not entitle the defendants to the protection of the bar of the statute of limitations, as the time which intervened between the date of said title bond and the forfeiture was but three years and one month; and even if it were proper to add thereto the time which intervened between the decree confirming the sale made by the commissioner of delinquent and forfeited lands, which was entered on the 14th of April 1842, or the time from the date of the deed from the commissioner the 19th of April 1843, and the 1st of April 1844, the time of instituting this suit, there would not have been, in any view of the facts set *404 forth, an adverse possession for a sufficient length of time to entitle the defendants to the protection of the bar of the statute of limitations.
It seems therefore to the court here, that the said Circuit superior court erred in giving the instruction in the said bill of exceptions contained. It is therefore considered that the said judgment be reversed and annulled, and the verdict be set aside; and the cause be remanded for a new trial to be had; upon which said instruction is not to be given: And that the plaintiff in error recover of the defendants in error his costs.
Judgment reversed.